IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

BERTHA BERKLEY                                                        PLAINTIFF

V.                                            CIVIL ACTION NO. 3:15-CV-110-SA-SAA

MIDFIRST BANK and
WILSON AND MASSEY LLC                                                DEFENDANTS

ORDER ON REMAND

This cause comes before the Court on the Plaintiff's Motion to Remand [3] this case to the Chancery Court of Desoto County, Mississippi. The Court, having considered the memoranda and submissions of the parties,[1] along with other pertinent authorities, finds as follows:

*Facts and Procedural History*

Plaintiff Bertha Berkley commenced this action in the Chancery Court of Desoto County, Mississippi in May 2015 seeking to bar the foreclosure of her home. Plaintiff styled the case *Bertha Berkley v. Midfirst Bank and Wilson & Massey LLC*. The docket of the chancery court shows that Plaintiff purported to serve summons and a copy of the Complaint [2] on Wilson & Massey ("Wilson"). The process return, however, shows that service was actually made upon Shapiro & Massey LLC ("Shapiro"). Shapiro then appeared at a hearing before the Chancellor in May 2015 to contest a preliminary injunction.

Midfirst Bank ("Midfirst") then filed for removal on the basis of federal question jurisdiction because Plaintiff asserted a claim against Defendants for a violation of the Truth in Lending Act, 15 U.S.C. § 1601. Defendant Shapiro neither participated in nor consented to the

---

[1] Upon Plaintiff's newly raised argument in her Reply in Support of Motion to Remand [9], Midfirst filed for leave to file a sur-reply to respond to the newly raised argument. The Court grants this Motion for Leave to File Sur-Reply in Opposition to Motion to Remand [11], and has considered parties' submissions in its decision.

removal. Plaintiffs filed this Motion to Remand [3], arguing that Shapiro's lack of consent renders removal improper.

*Analysis and Discussion*

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the districts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action. 28 U.S.C. § 1446(2)(A).

Plaintiff claims that Shapiro's failure to join in or consent to the removal requires the action be remanded in accordance with § 1446(2)(A). The Complaint [2] and summons name Midfirst Bank and Wilson & Massey LLC as defendants, but the process return states that service was actually made upon Shapiro & Wilson LLC.

The Mississippi Rules of Civil Procedure require the title of the action in the complaint to "include the names of all the parties . . . ." MISS. R. CIV. P. 10(a). Parties that are not initially listed in the complaint are not considered parties in the action. *Prestridge v. City of Petal*, 841 So 2d 1048, (¶59) (Miss. 2003). Shapiro was not named as a party in the Complaint [2], thus, Shapiro was not "properly served and joined" in accordance with Rule 10(a).

Therefore, Shapiro was not properly joined in this action as required to be a necessary consenting party to removal under 28 U.S.C. § 1446(2)(A).

Misnomer Doctrine

Plaintiff argues that the misnomer doctrine, as stated by the Fifth Circuit and Mississippi state courts, renders the wrongful naming of Defendant Shapiro moot; therefore, Shapiro's

consent to removal is still necessary. The Supreme Court of Mississippi has explained that Mississippi "has long recognized that the doctrine of misnomer allows parties to correct party-name errors if doing so would not result in prejudice. *Scaggs v. GPCH-GP, Inc.*, 2008-CA-00983-SCT (¶9) (Miss. 2009). If "[a party] has appeared and defended or otherwise submitted [it]self to the jurisdiction of the court, there is no prejudice." *Id.* (citation omitted). However, the plaintiff must still attempt to amend incorrect pleadings:

> As a general rule, frequently under statutes or rules of court so permitting, an error in the name or description of a party, whether a misnomer or misdescription in the name of a plaintiff or a misnomer or misdescription in the name of a defendant, may be corrected by an amendment of the appropriate pleading.

*Scaggs*, 2008-CA-00983-SCT at (¶9).

There has been no attempt by Plaintiff to amend the pleadings to state Shapiro as the properly named party in the Complaint [2]. Case law states that leave will be granted to fix such small errors, but such leave had not been requested at the time of removal. *Id.* Since there, at the time of removal, had been no request by the Plaintiff to amend the pleadings, the Court holds that the misnomer doctrine cannot, on its own, transform the named party into the intended party.

*Conclusion*

Thus, since Defendant Shapiro was not properly joined in this action, Shapiro was not a party that must consent to removal. Plaintiff's Motion for Remand is DENIED, and this Court retains jurisdiction over the case at hand.

SO ORDERED on this, the 17th of August, 2015.

                                                 /s/ Sharion Aycock
                                                **U.S. DISTRICT JUDGE**