IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

BERTHA BERKLEY                                                                    PLAINTIFF

V.                                                          CIVIL ACTION NO. 3:15-CV-110-SA-SAA

MIDFIRST BANK and
WILSON AND MASSEY LLC                                                          DEFENDANTS

MEMORANDUM OPINION

Midfirst Bank has filed a Motion for Judgment on the Pleadings [23]. Plaintiff has responded, and the motion is ripe. After reviewing the briefs, pleadings, rules and authority, the Court finds as follows:

*Factual and Procedural Background*

Bertha Berkley filed a Complaint in the Chancery Court of Desoto County. In that Complaint, Plaintiff requests declaratory relief, a temporary restraining order, preliminary and permanent injunctions. Plaintiff contends that Midfirst Bank failed to convey information required under the Truth in Lending Act (TILA). She contends she exercised her right to rescind the loan in May of 2015. Plaintiff also claims the Bank violated the Mississippi Consumer Protection Act by engaging in deceptive and unfair acts and practices. Finally, the Plaintiff request injunctions to prevent the foreclosure of her the property at 5871 Kentwood Drive, Horn Lake, Mississippi.[1]

Defendant Midfirst Bank removed this action from state court, and after the Court denied Plaintiff's request to remand, filed the pending motion.

---

[1] While the case was pending in state court, the Chancellor assigned did grant the temporary restraining order as requested, but dissolved that injunction and denied the preliminary injunction after a hearing held on the matter. [10].

*Motion for Judgment on the Pleadings Standard*

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The standard for deciding a motion under Rule 12(c) is the same as that for deciding a motion under Rule 12(b)(6). *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 313 (5th Cir. 2002). "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes v. Tobacco Inst., Inc.,* 278 F.3d 417, 420 (5th Cir. 2001) (alteration in original) (internal quotation marks omitted).

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)). To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

*Discussion and Analysis*

Plaintiff originally financed the purchase of her home with a loan from First Horizon Home Mortgage. The promissory note was thereafter, on April 16, 2008, assigned to Midfirst Bank. On April 14, 2014, Berkley and Midfirst modified the promissory note and deed of trust. Plaintiff then asserts that on January 8, 2015, Midfirst Bank sent a notification to Berkley that it had "reaquired" ownership of the promissory note on January 3.

Plaintiff contends that under the TILA, Midfirst Bank had an obligation to transmit information regarding what entity acquired the promissory note between April 14, 2014 and January 3, 2015.

Section 1641(g)(1) provides that "not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer." The notice must include the identity, address, and telephone number of the new creditor; the date of the transfer; information on how to reach an agent or party with authority to act on behalf of the new creditor; the location of the place where the transfer of ownership of the debt is recorded; and any other relevant information regarding the new creditor. 15 U.S.C. § 1641(g)(1)(A)-(E).

Exhibit A to Plaintiff's Complaint is the Mortgage Loan Transfer Notice from Midfirst Bank to Bertha Berkley regarding the mortgaged property. That notice specifies that Midfirst Bank is the "new owner of your mortgage loan as of 01/03/15" and provides contact information for the Bank as well as its mortgage servicing division.

The evidence reflects that (1) the notice was sent not later than 30 days after the transfer to Midfirst bank; (2) Midfirst Bank as the new owner notified the borrower in writing of the transfer; (3) the identity, address, and telephone number of the new creditor was included in the notice; (4) the date of transfer was noted; (5) information on how to reach the loan servicer was included; (6) the location of where the transfer may be recorded was identified; and (7) Midfirst included other relevant information such as the fact that the payments should continue to be remitted to Midland Mortgage. The Court finds that the Notice satisfied the requirements of 15 U.S.C. § 1641(g) and its attendant regulation found at 12 C.F.R. § 226.39. Plaintiff has failed to state a claim against Midfirst Bank under TILA.

Plaintiff failed to respond to Defendant's arguments regarding her failure to state a claim under the Mississippi Consumer Protection Act, Miss. Code Ann. § 75-24-1, *et seq*. Section 75-

24-5 provides a list of thirteen unfair trade practices which the Act is intended to prohibit.[2] None of those prohibited transactions are present here. Accordingly, Plaintiff has failed to state a claim under the Mississippi Consumer Protection Act.

*Conclusion*

Plaintiff has failed to state a claim for relief that is plausible on its face pursuant to the Truth in Lending Act and Mississippi Consumer Protection Act. Defendant's Motion for Judgment on the Pleadings [23] is GRANTED, and this case is DISMISSED.

---

[2] Those violations are listed as : (a) Passing off goods or services as those of another;
(b) Misrepresentation of the source, sponsorship, approval, or certification of goods or services;
(c) Misrepresentation of affiliation, connection, or association with, or certification by another;
(d) Misrepresentation of designations of geographic origin in connection with goods or services;
(e) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he does not have;
(f) Representing that goods are original or new if they are reconditioned, reclaimed, used, or secondhand;
(g) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;
(h) Disparaging the goods, services, or business of another by false or misleading representation of fact;
(i) Advertising goods or services with intent not to sell them as advertised;
(j) Advertising goods or services with intent not to supply reasonably expectable public demand, unless the advertisement discloses a limitation of quantity;
(k) Misrepresentations of fact concerning the reasons for, existence of, or amounts of price reductions;
(l) Advertising by or on behalf of any licensed or regulated health care professional which does not specifically describe the license or qualifications of the licensed or regulated health care professional;
(m) Charging an increased premium for reinstating a motor vehicle insurance policy that was cancelled or suspended by the insured solely for the reason that he was transferred out of this state while serving in the United States Armed Forces or on active duty in the National Guard or United States Armed Forces Reserve.

MISS. CODE ANN. § 75-24-5.

SO ORDERED, this the 18th day of May, 2016.

                                            **/s/ Sharion Aycock**
                                            **U.S. DISTRICT JUDGE**