IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

BERTHA BERKLEY                                                                                    PLAINTIFF

V.                                                                       CIVIL ACTION NO. 3:15-CV-110-SA-RP

MIDFIRST BANK, and
WILSON AND MASSEY LLC                                                                       DEFENDANTS

ORDER

On May 18, 2016 the Court entered a Final Judgment [32] and Memorandum Opinion [33] granting the Defendant's Motion for Judgment on the Pleadings [23]. The Plaintiff filed a Motion to Alter Judgment [34]. The Defendant responded, and the motion is ripe for review. After reviewing the briefs, pleadings, rules and authority, the Court finds as follows:

*Factual and Procedural Background*

Bertha Berkley filed a Complaint in the Chancery Court of Desoto County. In that Complaint, Plaintiff requests declaratory relief, a temporary restraining order, and injunctive relief. Plaintiff contends that MidFirst Bank failed to convey information required under the Truth in Lending Act (TILA). She contends she exercised her right to rescind the loan in May of 2015. Plaintiff also claims the Bank violated the Mississippi Consumer Protection Act by engaging in deceptive and unfair acts and practices. Finally, the Plaintiff requested injunctions to prevent the foreclosure of her property at 5871 Kentwood Drive, Horn Lake, Mississippi.

Defendant MidFirst Bank removed this action from state court, and after the Court denied Plaintiff's request to remand, filed a motion for judgment on the pleadings. The Court granted that motion and dismissed the case finding that because MidFirst Bank was not "the creditor that is the **new owner** or assignee of the debt" at the time the Plaintiff complained of, that MidFirst Bank complied with its obligations under 15 U.S.C. § 1641(g) and its attendant regulation found

at 12 C.F.R. § 226.39, and that the Plaintiff failed to state a claim under the TILA. The Plaintiff now asks the Court to reconsider under Federal Rule of Civil Procedure 59.

*Motion to Alter Judgment*

A Rule 59(e) motion "must clearly establish either manifest error of law or fact or must present newly discovered evidence and cannot raise issues that could and should have been made before the judgment issued." *Dey v. State Farm Mut. Auto. Ins. Co.*, 789 F.3d 629, 634 (5th Cir. 2015) (quoting *Homoki v. Conversion Servs., Inc.*, 717 F.3d 388, 404 (5th Cir. 2013)). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Naquin v. Elevating Boats, L.L.C.*, 817 F.3d 235, 240 n. 4 (5th Cir. 2016) (citing *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)).

The Plaintiff's motion simply rehashes her previous arguments and fails to address the substantive findings and legal conclusions of the Court's previous rulings. In particular the Plaintiff fails to recognize that MidFirst Bank was not the "new owner" of her debt at the time she complains of and was therefore not obligated to provide the notice the Plaintiff alleges she did not receive. *See* 15 U.S.C. § 1641(g); 12 C.F.R. § 226.39. The Plaintiff also fails to raise any intervening change in law or other grounds warranting reconsideration. *See Naquin*, 817 F.3d at 240 n. 4 (stating that Rule 59(e) "motions are not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment.") (quoting *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)).

For these reasons, the Plaintiff's Motion to Alter Judgment [34] is DENIED.

SO ORDERED on this the 3rd day of February, 2017.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE